Davis v. The State.

HENRY DAVIS v. THE STATE.

·CRIMINAL LAW. If a horse be taken with intent to deprive the owner o
the property it is larceny, though the horse may not be sold or dis-
posed of by the defendant.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Da-
·vidson county. J. M.· QUARLES, J.

JOHN D. BRIEN and — BROWN for Davis.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Davis was convicted of stealing a horse, sentenced
to three years' confinement in the penitentiary, and
has appealed in error to this court.

No exception is taken to the admission or rejection
of evidence, and no part of the judge's charge is con-
tained in the record. The only objection taken is,
that it is not sustained by the evidence.

It is fully proved that the defendant was in the
neighborhood of the place from which the horse was
taken, 12 miles from Nashville, Thursday and Friday.
And on Friday evening about sundown, was seen at
a farm adjoining that from which the horse was taken.
That night the horse was taken from the stable, in
which he had been fastened that evening, and a bridle

also was taken. On Saturday morning shortly after daylight the defendant, riding the missing horse, was met near Nashville. The owner traced the horse to Nashville, and found him in a livery stable. How the horse got there, is not disclosed by the evidence.

By a number of witnesses defendant proved an alibi, but the testimony was discredited by the jury, and was sufficiently contradicted by other evidence to warrant their disbelief.

It is argued that the taking of the horse was but a trespass, as he was not sold or disposed of by defendant.

As stated, the horse was taken in the night-time, probably at a late hour of the night, and without the consent of the owner, and with the apparent intent to deprive the owner of the property.

The case has all the essential elements of larceny, and there is nothing in the record to rebut the strong presumption of a felonious intention, arising from the circumstances attending the act. The jury, upon what we must presume was a proper charge, has found that the intent was felonious, and his Honor, who heard all the evidence and observed the manner of the witnesses, has approved the verdict, and we see no grounds upon which we can disturb the verdict.

Let the judgment be affirmed.